IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHEAL PRICE, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3231-S-BN |
| | § | |
| TRANSAMERICA LIFE | § | |
| INSURANCE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Micheal Price, proceeding *pro se*, has filed two motions for leave to file a first amended complaint. *See* Dkt. Nos. 22 & 24.

Defendant Transamerica Life Insurance Company ("TLIC" or "Transamerica") asks the Court to deny the motions and dismiss Price's claims as futile. *See* Dkt. No. 25.

For the reasons set out below, the undersigned recommends that the Court deny the first motion for leave [Dkt. No. 22]; grant in part and deny in part the second motion for leave [Dkt. No. 24]; and dismiss Price's futile claims with prejudice.

**Background**

Price filed his original complaint on November 24, 2025 against Defendants TLIC, Omar Trejo, Family Comes First Insurance ("FCFI"), and John Does 1-10 ("unknown telemarketing vendors, call centers, lead generators, and spoofing

entities"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), the Truth in Caller ID Act ("TCIA"), the Texas Business and Commerce Code ("TBCC"), and the Texas Deceptive Trade Practices Act ("DTPA") based on calls made to his residential cellphone. Dkt. No. 3 at 1, 3.

After failing to serve Trejo and FCFI, Price voluntarily dismissed them from this lawsuit. *See* Dkt. No. 17.

The Court entered its initial scheduling order, setting the deadline to amend pleadings as March 25, 2026. *See* Dkt. No. 19.

On February 10, 2026, Price filed an amended complaint without leave. *See* Dkt. No. 20. The Court ordered Price to move for leave to file, *see* Dkt. No. 21, and Price did so, *see* Dkt. No. 22 (the "First Motion"). But the First Motion did not include a certificate of conference and, so, failed to comply with the Court's Standing Order on Discovery and Non-Dispositive Motions [Dkt. No. 12] and Local Civil Rule 7.1(b). *See* Dkt. Nos. 22 & 23.

On the Court's order, Price filed another motion for leave (the "Second Motion") to correct the deficiencies in the First Motion identified by the Court. *See* Dkt. No. 24. TLIC responded, *see* Dkt. No. 25, and Price replied, *see* Dkt. No. 25.

The proposed amended complaint adds new factual allegations; maintains all claims in the original complaint except the DTPA claim; and adds new claims under the TBCC. *See* Dkt. No. 24-1.

## Legal Standards

Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted

freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). *Id*. So, in a civil case, "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has "'state[d] a claim to relief that is plausible on its face.'"" *Id*. at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)), and the Federal Rules of Civil Procedure "do not

countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

But the Court often looks warily at efforts to preempt an analysis of a new cause of action in the context of a dispositive motion by denying leave in the Rule 15(a) context on the basis of futility. *See Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) ("[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." (internal quotation marks omitted)).

The Court generally only denies a proposed amendment as futile where the cause of action is not, in fact, newly pleaded or where a new cause of action fails as a matter of law – that is, cannot be stated, rather than simply has not been sufficiently stated in the proposed amended complaint. See *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.").

### Analysis

As an initial matter, Price's Second Motion was filed to the correct the deficiencies in his First Motion, and, so, the Court should deny the First Motion [Dkt. No. 22] as moot.

As to the Second Motion, the undersigned considers each claim in the proposed amended complaint below.

## I.    The Court should grant leave to amend the TCPA claims.

Taking first the alleged violations of the TCPA and its regulations, *see generally* 47 U.S.C. § 227, 47 C.F.R. § 64.1200,

> [t]he TCPA contains two distinct sections that grant individuals a private right of action. Under § 227(b), the TCPA regulates various telecommunications devices and prohibits the use of certain technologies for callings several types of end-users without an emergency purpose or prior express consent of the called party. *Mims v. Arrow Fin. Svcs., LLC*, 565 U.S. 368, 373 (2012); *see* 47 U.S.C. § 227(b). The Supreme Court has succinctly outlined the four prohibited practices:

> First, the Act makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any emergency telephone line, hospital patient, pager, cellular telephone, or other service for which the receiver is charged for the call. *See* 47 U.S.C. § 227(b)(1)(A). Second, the TCPA forbids using artificial or prerecorded voice messages to call residential telephone lines without prior consent. § 227(b)(1)(B). Third, the Act proscribes sending unsolicited advertisements to fax machines. § 227(b)(1)(C). Fourth, it bans using automatic telephone dialing systems to engage two or more of a business' telephone lines simultaneously. § 227(b)(1)(D).

*Mims*, 565 U.S. at 272. The TCPA grants a private right of action to individuals "based on a violation of [§ 227(b)] or the regulations prescribed under [§ 227(b).]" 47 U.S.C. § 227(b)(3). Even one instance of a violation of § 227(b) is actionable in the Fifth Circuit. *See* [*Cranor v. 5 Star Nutrition*, 998 F.3d 686, 689-91 (5th Cir. 2021)].

> Under § 227(c), the TCPA also delegates authority to the Federal Communications Commission (FCC) to promulgate regulations "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c). This subsection grants a private right of action to individuals "who ha[ve] received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [§ 227(c)]." 47 U.S.C. § 227(c)(5). Unlike § 227(b), § 227(c) does not regulate automated technologies; rather, it regulates calling practices to protect rights of privacy of those registered on the [National Do Not Call Registry].

*Hunsinger v. Dynata LLC*, No. 3:22-cv-136-G-BT, 2023 WL 2377481, at \*4-\*5 (N.D. Tex. Feb. 7, 2023), *rec. accepted*, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023).

Price's proposed amended complaint alleges that, from September 4, 2025 to February 6, 2026, TLIC, "either directly or through its agents, vendors, producers, contractors, telemarketing partners, and persons acting on its behalf, initiated or caused to be initiated multiple telemarketing calls to [his] cellular telephone," in

violation of the TCPA under Section 227(b)(1)(A). Dkt. No. 24-1 at 12. He claims that

the calls also violated the TCPA under Section 227(c) because his "cellular telephone

number has been listed on the National Do Not Call Registry continuously since at

least 2018." *Id.* at 13.

TLIC does not dispute that Price's proposed amended complaint adequately

alleges that the calls used an automatic telephone dialing system or an artificial or

prerecorded voice message, nor does it dispute that the calls were made without his

prior express consent. *See generally* Dkt. No. 25.

> As to TLIC's liability under the TCPA, Price alleges in part that
>
> [m]ultiple callers, including telemarketing representatives who transferred Plaintiff to an insurance agent, expressly referenced Transamerica by name and represented that they were calling in connection with Transamerica life insurance products. These telemarketing representatives transferred Plaintiff to an insurance agent who submitted an application for a Transamerica life insurance policy, which Transamerica subsequently approved and issued. In addition, after the policy was issued, Plaintiff received additional calls from individuals who referenced Plaintiff's Transamerica policy and demonstrated knowledge of Plaintiff's insurance relationship with Transamerica. Plaintiff is informed and believed, and based thereon alleges, that these telemarketing calls were made by or on behalf of Transamerica, or by telemarketing vendors, agents, contractors, or other entities acting within Transamerica's authorized insurance sales and servicing ecosystem, or who obtained Plaintiff's confidential insurance information through that ecosystem.

Dkt. No. 24-1 at 4.

TLIC first argues that Price's allegations as to TLIC's liability are "based on

nothing but speculation." Dkt. No. 25 at 11.

While the undersigned agrees with TLIC that a plaintiff must plead facts with

-7-

enough specificity "to raise a right to relief above the speculative level," the undersigned disagrees that Price has not done so here. *Twombly*, 550 U.S. at 555; *see Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) ("*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient….'" (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989))).

Price's allegations, which include specific facts about the phone calls he received, are not merely conclusory restatements of the TCPA's elements. *See, e.g.*, Dkt. No. 24-1 at 4 (alleging that some callers "represented that they were calling in connection with Transamerica life insurance products" and "possessed and referenced Plaintiff's confidential personal information"); *cf. Cunningham v. TechStorm, LLC*, No. 3:16-cv-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (finding that plaintiff failed to plead adequate facts where "[t]he Amended Complaint claim[ed] 'receipt of a recorded message made by [d]efendant,' but contain[ed] no additional facts identifying [d]efendant specifically, such as by a phone number or the contents of the message" (internal citations omitted)).

TLIC next argues that Price has not alleged that TLIC directly initiated the phone calls that he received. *See* Dkt. No. 25 at 12.

But TLIC "can still be liable under the TCPA if the calls were made 'on behalf of' [TLIC]." *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 132 (N.D. Tex. 2020) (quoting 47 U.S.C. § 227(c)(5)).

This standard follows general agency principles. *See Smith v. State*

-8-

> *Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 777 (N.D. Ill. 2014) (citing *In re Joint Pet. filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 28 (2013) (finding that a "seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers")).
>
> Under common-law principles of agency, whether vicarious liability exists depends on the principal's level of control over the agent. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018); *Chinitz v. NRT West, Inc.*, No. 18-cv-6100-NC, 2019 WL 4142044, *4-*5 (N.D. Cal. Aug. 30, 2019).

*Id.*; *see also Barrett v. QuoteWizard.com, LLC*, Civ. No. 20-11209-LTS, 2020 WL 7626464, at *4 (D. Mass. Nov. 12, 2020) ("A party who engages a third-party telemarketer 'may be held vicariously liable under federal common law agency principles for a TCPA violation.'" (quoting *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 323, 325 (D. Mass. 2020) (citing, in turn, *In re Dish Network, LLC*, 28 F.C.C.R. at 6582))).

> As explained by the Federal Communication Commission's declaratory ruling in *In re Dish Network, LLC*:
>
>> The classical definition of "agency" contemplates "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." Potential liability under general agency-related principles extends beyond classical agency, however. A principal may be liable in circumstances where a third party has apparent (if not actual) authority. Such "[a]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and traceable to a manifestation of the principal." Other principles of agency law may support liability in particular cases. For example, a seller may be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting

their benefits. Such ratification may occur "through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences."

*Barrett*, 2020 WL 7626464, at \*4-\*5 (quoting 28 F.C.C.R. at 6586-87 (footnotes and citations omitted)).

Turning to the agency contentions here, Price alleges that "[m]ultiple callers, including telemarketing representatives who transferred Plaintiff to an insurance agent, expressly referenced Transamerica by name and represented that they were calling in connection with Transamerica life insurance products." Dkt. No. 24-1 at 4. And he alleges that he purchased a life insurance policy as a result of these calls. *See id.*

These facts, in addition to his other allegations, are enough, at this stage, to allow the Court to infer an agency relationship between Price and the individuals or entities who called him. *See, e.g.*, *Cunningham v. Britereal*, No. 4:20-cv-144-SDJ-KPJ, 2020 WL 7391693, at \*4-\*5 (E.D. Tex. Nov. 20, 2020); *Gohmert v. Pence*, 510 F. Supp. 3d 435, 440 (E.D. Tex. 2021).

TLIC argues that Price has failed to establish vicarious liability because he fails to allege an agency relationship between TLIC and the Pakistani call center or David Hernandez of FCFI. *See* Dkt. No. 25 at 12-16.

But Price does not appear to allege that every call he received came from these sources. He merely uses the information in his proposed amended complaint to "further demonstrate[ ] the existence of telemarketing infrastructure involved in the solicitation, submission, and issuance of [his] Transamerica policy and support[ his]

-10-

allegations that telemarketing actors operated within Transamerica's insurance sales and servicing ecosystem." Dkt. No. 24-1 at 10. And, so, a lack of connection between TLIC and these entities would not be fatal to Price's claim at this stage, especially where Price has also alleged that the callers purported to be connected to TLIC and solicited the sale of a TLIC insurance policy.

TLIC also argues that, because it refunded Price's premium payments, it received no benefit and cannot be found to have ratified the callers' conduct. *See* Dkt. No. 25. But TLIC points to no authority suggesting that it successfully revoked its ratification by returning the benefit that it accepted. And, in any case, Price's agency allegations do not depend entirely on ratification.

In sum, Price, in his proposed amended complaint, has alleged enough facts at this stage to show that TLIC was vicariously liable for at least some of the calls he received. *Accord Hunsinger*, 2023 WL 2377481, at \*5 ("Even one instance of a violation of § 227(b) is actionable in the Fifth Circuit." (citations omitted)). And the Court should find that "he is entitled to offer evidence to support his claims" under the TCPA. *Sewell*, 974 F.3d at 582.

The Court should grant leave to amend the TCPA claims.

## II.    The Court should deny leave to amend the TCIA claim, and it should dismiss the claim with prejudice.

Price's original complaint and proposed amended complaint both allege that TLIC violated the TCIA of 2009. *See* Dkt. No. 3 at 5; Dkt. No. 24-1 at 13-14; 47 U.S.C. § 227(e).

But several district courts in this circuit have held that the TCIA does not provide for a private right of action. *See, e.g., Cunningham v. Creative Edge Marketing LLC*, No. 4:19-cv-669-ALM-CAN, 2021 WL 2792353, at \*5 (E.D. Tex. June 16, 2021) (citing *Clark v. Avatar Techs. Phl, Inc.*, No. H-13-2777, 2014 WL 1342033, at \*4 (S.D. Tex. Apr. 3, 2014)).

And, so, the Court should deny leave to amend the TCIA claim as futile, and it should dismiss the claim with prejudice.

### III.   The Court should deny leave to amend the claim under Section 44.151 of the TBCC, and it should dismiss this claim with prejudice.

Both Price's original and proposed amended complaints allege violations of Section 44.151 of the TBCC. *See* Dkt. No. 3 at 5; Dkt. No. 24-1 at 14-15.

But Chapter 44 of the TBCC, including Section 44.151, was repealed and, so, no longer provides for a private right of action. *See* TEX. BUS. & COM. CODE §. 44.151 (repealed Apr. 1, 2009).

And, so, the Court should deny leave to amend this claim as futile and dismiss this claim with prejudice.

### IV.   The Court should deny leave to add a claim under Texas Section 302.101 of the TBCC, and it should dismiss this claim with prejudice.

The undersigned finds that Price's claim under Section 302.101 of the TBCC – a provision of Texas law related to telemarketing registration requirements – fails. *See* TEX. BUS. & COMM. CODE § 302.101.

First, Price's allegations do not support violations of Section 302.101 where all Price alleges as to registration is that TLIC "either failed to ensure that all

telemarketing actors initiating calls on its behalf complied with Texas registration requirements or authorized, permitted, or ratified telephone solicitations made in violation of" the TBCC. Dkt. No. 24-1 at 16; *accord Horton v. SunPath*, No. 3:23-cv-631-E-BN, 2025 WL 438893, at *7 (N.D. Tex. Jan. 22, 2025) (finding that allegations that defendant "does not have this certificate" are not sufficient to state a claim under Section 302.101), *rec. accepted*, 2025 WL 438562 (N.D. Tex. Feb. 7, 2025).

And, even if these allegations could be amended to "'explain' how this would allow the Court to conclude that [TLIC or its agents] operate[ ] without a telemarketing registration certificate," *Horton v. Advantage One Brokers Corp.*, No. 3:22-cv-2747-B-BT, 2023 WL 4188291, at *4 (N.D. Tex. June 5, 2023) (cleaned up), *rec. accepted*, 2023 WL 4188046 (N.D. Tex. June 26, 2023), the Section 302.101 claim would be futile.

The registration requirement of Section 302.101 "does not apply to persons 'who hold[ ] a license issued under the Insurance Code if the solicited transaction is governed by that code.'" *Callier v. MultiPlan, Inc.*, No. EP-20-cv-318-FM, 2021 WL 8053527, at *19 (W.D. Tex. Aug. 26, 2021) (quoting TEX. BUS. & COM. CODE & 302.053(3)).

Price has alleged that TLIC "sells life insurance policies through agents, brokers, producers, telemarketing vendors and contractors," Dkt. No. 24-1 at 2, and that the phone calls he received "were made in a manner intended to solicit Plaintiff to purchase life insurance coverage," *id.* at 4. And, so, TLIC argues that, as a life

insurer, it is exempt from Section 302.101's registration requirement. *See* Dkt. No. 25 at 17.

Price does not dispute that TLIC is a life insurer covered by Section 302.053(3)'s exemption. *See generally* Dkt. No. 26. Rather, he appears to argue that the exemption should not apply at this stage, where TLIC has not shown that its alleged agents can claim the exemption. *See id.* at 4. He contends that TLIC "cannot simultaneously deny responsibility for the calls and invoke an exemption that may turn on who actually conducted the solicitation activity." *Id.* at 5.

The undersigned disagrees that TLIC's agents must fall under Section 302.053(3) for the exemption to apply. Price relies primarily on a theory of vicarious liability for TLIC. And, so, TLIC is the "seller" under Section 302.101 that may be exempt if Section 302.053(3) applies. TEX. BUS. & COM. CODE § 302.101; *see Callier*, 2021 WL 8053527, at *19 (finding that two insurance provider defendants were exempt under Section 302.053(3), even where they were vicariously liable for the phone calls);

And, so, Price's claim under Section 302.101 of the TBCC is futile. The Court should deny Price leave to amend to add this claim, and it should dismiss this claim with prejudice.

## V. **The Court should grant leave to add a claim under Section 304.151 of the TBCC.**

TLIC does not address Price's claim under Chapter 304 of the TBCC, which "sets forth the relevant laws concerning the Texas No-Call List." *Wass v. Amerigroup*

*Tex., Inc.*, No. 4:20-cv-445-BP, 2020 WL 4464361, at \*6 (N.D. Tex. Aug. 3, 2020); *see* Dkt. No. 24-1 at 14; TEX. BUS. & COM. CODE § 304.001 *et seq*.

And, so, the Court should grant leave to add this claim to the proposed amended complaint.

## VI.   The Court should grant leave to amend the claim under Section 305.053 of the TBCC.

Because Price alleges plausible TCPA violations, he also alleges plausible violations of Section 305.053 of the TBCC. *See* Dkt. No. 24-1 at 14; TEX. BUS. & COM. CODE § 305.053; *Pinn v. CycleBar Franchising, LLC*, No. 3:23-cv-1540-M, 2023 WL 8374749, at \*2 (N.D. Tex. Dec. 4, 2023) ("'The Texas TCPA [referring to TBCC § 305.053] proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA.' It is axiomatic that if no violation of the TCPA exists, then there is no violation of TBCC § 305.053; in other words, the two are coextensive." (quoting *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014); collecting cases)).

And, so, the Court should grant leave to amend the claim under Section 305.053 of the TBCC.

### Recommendation

The Court should deny Plaintiff Micheal Price's first Motion for Leave to File Amended Complaint [Dkt. No. 22] and grant in part and deny in part his second Motion for Leave to File Amended Complaint [Dkt. No. 24].

The Court should grant leave to amend as to the claims under the Telephone

Consumer Protection Act, 47 U.S.C. §§ 227(b) and (c), and Texas Business and Commerce Code §§ 304.151 and 305.053.

The Court should deny leave to amend as futile as to the claims under the Truth in Caller ID Act, 47 U.S.C. § 227(e), and Texas Business and Commerce Code §§ 44.151 and 302.101. And the Court should dismiss these claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-16-